In the Matter of Disciplinary Proceedings Against
Evan M. Read, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Evan M. Read, Respondent.

Supreme Court

*No. 2011AP1816–D.—Decided December 4, 2012.*

2012 WI 121

(Also reported in 824 N.W.2d 122.)

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

■

¶ 1. PER CURIAM. On June 18, 2012, Referee Kim M. Peterson filed a memorandum decision recommending that Attorney Evan M. Read be declared in default, concluding that Attorney Read engaged in professional misconduct, and recommending that he be publicly reprimanded. Since Attorney Read failed to present a defense despite being given the opportunity to do so, we declare him to be in default. We further conclude that a public reprimand is an appropriate sanction for his misconduct. We also find that the costs of the proceeding, which are $374.41 as of July 6, 2012, should be assessed against Attorney Read.

¶ 2. Attorney Read was admitted to practice law in Wisconsin in 2007 and practiced in Milwaukee. On May 13, 2010, this court temporarily suspended Attorney Read's license to practice law in Wisconsin due to his willful failure to cooperate with the Office of Lawyer Regulation's (OLR) investigation into a grievance filed by a former client. Attorney Read's license remains suspended.

¶ 3. On August 8, 2011, the OLR filed a complaint alleging six counts of professional misconduct. All counts arose out of Attorney Read's representation of K.W., who had been convicted of bail jumping. In October 2007 Attorney Read agreed to accept an appointment by the State Public Defender (SPD) to represent K.W. in seeking postconviction relief or an appeal. In late November 2007 K.W. signed Department of Corrections form DOC-1631 (Telephone Request Attorney Add/Delete), adding Attorney Read as his attorney of record. On January 30, 2008, the Telephone Request Attorney Add/Delete form was stamped "Void" because at least 30 days had elapsed without response from Attorney Read.

¶ 4. In early August 2008 K.W. wrote to the SPD asking for assistance in getting Attorney Read to contact him. K.W. noted he had already sent several letters to Attorney Read. On August 13, 2008, Attorney Kenneth Lund, Attorney Manager for the SPD, wrote to Attorney Read to convey a copy of a letter from K.W. expressing concern about Attorney Read's representation and requesting a response.

¶ 5. On September 4, 2008, K.W. wrote to Attorney Lund to report he had been moved from Jackson Correctional Institution to the Wisconsin Secure Program Facility at Boscobel. K.W. complained that the prison business office had sent a form to Attorney Read to allow unmonitored telephone calls from K.W. but Attorney Read had failed to sign it or otherwise respond. K.W. complained to the SPD that it had been almost a year since Attorney Read had been assigned to his case and K.W. had received no word at all from him.

¶ 6. On September 9, 2008, Attorney Lund wrote to Attorney Read noting receipt of a second complaint from K.W. Attorney Lund expressed concern about Attorney Read's failure to respond to his August 13, 2008 letter asking for a status report. On October 6,

2008, Attorney Lund wrote to Attorney Read noting his lack of response to the previous letters.

¶ 7. On October 7, 2008, Attorney Lund received an undated letter from K.W. advising that he had been moved to Columbia Correctional Institution in Portage. K.W. asked if Attorney Lund had heard from Attorney Read. K.W. expressed concern over the whereabouts of his case file and the possible difficulty in filing a late appeal.

¶ 8. On October 21, 2008, the OLR received a written grievance from K.W. saying that since January 2008 he had been making repeated attempts to contact Attorney Read regarding the status of his appeal.

¶ 9. On November 3, 2008, an OLR intake investigator sent a copy of K.W.'s grievance to Attorney Read at his business address in Milwaukee. The intake investigator requested a response from Attorney Read by November 10, 2008. The OLR received a letter from Attorney Read dated November 10, 2008. The letter said, "[K.W.] is certainly entitled to his frustration; I can only apologize for my inattentiveness. . . . I will not repeat my mistakes." Attorney Read claimed he had never received the letters K.W. had sent him because his offices had moved. The letter went on to say, "I'm a rather inexperienced attorney, so I wasn't sure how to find you in the prison system." Attorney Read said he was waiting for transcripts from K.W.'s case. The letter concluded by saying, "I'm sorry things got so messed up—I'll bend my efforts toward assessing your appeal with all possible speed."

¶ 10. On December 4, 2008, Attorney Lund wrote to Attorney Read documenting his unsuccessful efforts to get a response from Attorney Read. Attorney Lund said, "Your unwillingness to respond to me and, apparently, to your client is simply unacceptable." Attorney Lund provided K.W.'s new address at Columbia Correc-

tional Institution and asked that Attorney Read contact both K.W. and Attorney Lund immediately.

¶ 11. In December 2008, the OLR offered Attorney Read a diversion agreement under SCR 22.10 in connection with K.W.'s grievance. The OLR received Attorney Read's acceptance of the terms and conditions of the agreement on January 14, 2009.

¶ 12. December 22, 2008 was the deadline for filing a notice of appeal or motion for postconviction relief in K.W.'s case. There is no record that Attorney Read initiated any appeal in connection with K.W.'s case, nor is there any indication that he sought an extension of time to file an appeal or that he pursued any sort of postconviction relief in the circuit court on K.W.'s behalf.

¶ 13. By letter dated January 14, 2009, an OLR intake investigator notified K.W. that Attorney Read had entered into a one-year diversion agreement and that the grievance would be held in abeyance pending either successful completion, or breach, of the agreement.

¶ 14. K.W. wrote to Attorney Lund again on May 15, 2009, complaining that he had still not heard from Attorney Read. Attorney Lund sent Attorney Read an e-mail on June 1, 2009, noting that he had written to Attorney Read four times and called him several times and that Attorney Read had failed to respond to any efforts by either Attorney Lund or K.W. to reach him.

¶ 15. Attorney Read telephoned Attorney Lund on June 2, 2009, saying he thought a new attorney had been assigned to represent K.W. after K.W. had filed the grievance. Attorney Read also reported that he had moved and had not received any of Attorney Lund's letters prior to the June 1, 2009 communication. Attorney Read said he agreed that he needed to fix the problems with his representation, starting by meeting with K.W. either in person or by telephone.

¶ 16. On June 4, 2009, K.W. wrote to Attorney Lund complaining that Attorney Read was not keeping him apprised of the status of his appeal and was not contacting him at all. On June 11, 2009, Attorney Read wrote to K.W. saying that he had driven to Portage to meet with K.W. on June 6 but that he had been turned away because the Department of Corrections (DOC) or the institution has a regulation that people with obvious flu or cold symptoms may not visit. Attorney Read said he was no longer sick and promised to return every Saturday until he was able to meet with K.W.

¶ 17. On August 13, 2009, Attorney Lund sent another e-mail to Attorney Read requesting that he provide whatever information and documentation he had to demonstrate he had provided the representation to which K.W. was entitled. On September 24, 2009, K.W. wrote to Attorney Lund requesting that a new attorney be assigned to represent him in place of Attorney Read. On October 21, 2009, Attorney Lund wrote to Attorney Read to inform him that a new attorney was being appointed for K.W. because Attorney Read had failed to respond to telephone calls and letters. Attorney Lund's letter requested Attorney Read to immediately send the entire case file, including transcripts, court records, correspondence, and notes, to the SPD so that successor appointed counsel could represent K.W. and attempt to reinstate his appeal rights. Attorney Read did not provide the SPD with the requested materials.

¶ 18. On November 2, 2009, the OLR wrote to Attorney Read to remind him about his obligations under the diversion agreement. On December 3, 2009, an OLR investigator wrote to Attorney Read to inform him that Attorney Lund had filed a grievance against him and that Attorney Read was required to provide a written response. Attorney Read failed to respond either to that letter or to subsequent letters from the OLR. On

May 13, 2010, this court temporarily suspended Attorney Read's license to practice law in Wisconsin, until further notice of the court, due to Attorney Read's willful failure to cooperate with the OLR's investigation.

¶ 19. On February 23, 2010, the OLR notified Attorney Read that the diversion agreement stemming from the grievance filed by K.W. was being terminated because Attorney Read had failed to fulfill its conditions.

¶ 20. The OLR's complaint alleged the following counts of misconduct:

> [Count One:] By failing to take any steps to perfect an appeal, move for post-conviction relief, or otherwise address his client's matter for two years, [Attorney] Read violated SCR 20:1.3.[1]
>
> [Count Two:] By failing to communicate at all with the client for over one year, and thereafter communicating only sporadically and inadequately as to the status of the client's matter, [Attorney] Read violated SCR 20:1.4(a)(3).[2]
>
> [Count Three:] By failing to promptly respond to repeated requests for information on the status of his client's matter, [Attorney] Read violated SCR 20:1.4(a)(4).[3]
>
> [Count Four:] By failing to acquire and use requisite knowledge to find a client in the Wisconsin prison system, [Attorney] Read violated SCR 20:1.1.[4]

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a)(3) states a lawyer shall "keep the client reasonably informed about the status of the matter; . . . ."

[3] SCR 20:1.4(a)(4) states a lawyer shall "promptly comply with reasonable requests by the client for information; . . . ."

[4] SCR 20:1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[Count Five:] After representation was terminated, by failing to provide the case file to [the] client or successor counsel, despite requests, [Attorney] Read violated [] SCR 20:1.16(d).[5]

[Count Six:] By failing to respond to [the] initial OLR letter of 12/3/2009, requesting a written response that fully and fairly disclosed all facts and circumstances pertaining to the misconduct alleged in the Lund grievance (2009MA1888) within 20 days and by willfully failing to cooperate with the OLR investigation, including by failing to respond to the OLR letters of 1/5/2010, 1/26/2010[,] and 2/23/2010, [Attorney] Read violated SCRs 20:8.4(h),[6] 22.03(2)[,][7] and 22.03(6).[8]

---

[5] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[7] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[8] SCR 22.03(6) states as follows:

577

¶ 21. The OLR's complaint and order to answer were sent to Attorney Read at the most recent address he had provided to the State Bar of Wisconsin and to the last residential address known for him. The complaint and order to answer were also sent to another address that was obtained through an internet search. In addition, the OLR attempted to serve Attorney Read through a process server but despite diligent efforts the process server was unable to locate Attorney Read. Service of the complaint and order to answer was accomplished by the OLR sending, via certified mail, an authenticated copy of the complaint and order to answer to Attorney Read at the most recent address he had furnished to the State Bar of Wisconsin. *See* SCR 22.13(1).

¶ 22. When Attorney Read failed to respond to the OLR's complaint, the OLR moved for the entry of a default judgment. The referee recommends that Attorney Read be found in default. The referee accepted the allegations of the complaint as the findings of fact in the case and concluded that those facts established that Attorney Read had committed professional misconduct as set forth in the six counts of the complaint. As requested by the OLR, the referee recommended that Attorney Read be publicly reprimanded for his misconduct and that he be ordered to pay the costs of the proceeding.

¶ 23. Attorney Read has not filed an appeal so this matter is submitted to the court for its review pursuant to SCR 22.17(2). Although Attorney Read was given the

---

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

opportunity to file an answer and present a defense to the OLR's complaint, he has failed to do so. Accordingly, we declare him to be in default.

■■

¶ 24. A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. We adopt the referee's findings of fact, as recited in the OLR's complaint, and agree with the referee's conclusions of law that Attorney Read committed misconduct as alleged in the complaint. We further agree that Attorney Read should be required to pay the full costs of this proceeding.

¶ 25. IT IS ORDERED that Evan M. Read is publicly reprimanded for his professional misconduct.

¶ 26. IT IS FURTHER ORDERED that the temporary suspension of the license of Evan M. Read to practice law in the State of Wisconsin due to his willful failure to cooperate with the investigation of the Office of Lawyer Regulation is hereby terminated. The termination of this temporary suspension does not affect in any way any administrative suspension currently in effect. Any such administrative suspension shall remain in effect until Evan M. Read complies with the applicable requirements for reinstatement following an administrative suspension and until further order of the court or notice of reinstatement from the appropriate entity authorized under the Supreme Court Rules to reinstate attorneys.

¶ 27. IT IS FURTHER ORDERED that within 60 days of the date of this order, Evan M. Read shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 28. IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.